IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-cr-00189-FL
No. 5:12-cv-00039-FL

| | |
|---|---|
| DWANE LAMONT HARGROVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 31) and the government's motion to dismiss (DE # 35). The issues have been fully briefed, and the matter is ripe for ruling. For the reasons stated below, the court denies petitioner's motion and grants the government's motion.

## BACKGROUND

On August 2, 2007, petitioner was charged in an indictment alleging the following three counts: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924; (2) possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On January 7, 2008, pursuant to a written plea agreement, petitioner pleaded guilty to counts one and two, possession of a firearm by a convicted felon and possession with intent to distribute a quantity of cocaine. On March 31, 2008, the United States Probation Office submitted a presentence report calculating an advisory guideline imprisonment range of 120 months on count one and 151 to 188 months on count two, based upon a total offense level of 29, which included a career offender enhancement pursuant to U.S.S.G. § 4B1.1, and a criminal history

category VI. On April 15, 2008, this court sentenced petitioner to 120 months as to count one and 175 months as to count two, to run concurrently, and judgment was entered on April 23, 2008. Petitioner did not appeal his conviction or sentence.

On January 30, 2012, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On February 2, 2012, the court ordered petitioner to correct certain deficiencies in his petition, and petitioner filed the instant corrected petition on February 15, 2012. Petitioner claims that he is entitled to a sentence reduction because, applying United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he would have no predicate offenses to merit a career offender enhancement. The government moves to dismiss on the grounds that petitioner's motion is untimely and petitioner waived his right to contest his sentence in any post-conviction proceeding in his plea agreement. Petitioner, in response, asserts that his motion is timely or, alternatively, that the court should apply equitable tolling and that the collateral attack waiver in his plea agreement does not bar the requested relief.

## COURT'S DISCUSSION

**I. Standard of Review**

A petitioner may obtain relief from his sentence under § 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999). However, "the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete

miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." Id. at 495-96. "Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). "[T]he burden of proof is on petitioner to establish his claim by a preponderance of the evidence." Toribio-Ascencio v. United States, No. 7:05-CR-00097-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010).

## II. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4). Petitioner specifically argues that he is entitled to relief pursuant to § 2255(f)(4) and that the facts supporting his claim became discoverable for the purposes of challenging his conviction under § 2255 on the date the Fourth Circuit decided Simmons–August 17, 2011. In Simmons, the Fourth Circuit applied the logic of the Supreme Court's decision in Carachuri-Rosendo v. Holder, — U.S. — , 130 S. Ct. 2577, 177 L. Ed. 2d 68 (2010), to hold that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which that particular defendant could have been sentenced to

3

a term exceeding one year. 649 F.3d at 243. Prior to <u>Simmons</u>, which overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), courts were required to consider the maximum aggravated sentence that could be imposed for that crime on a defendant with the worst possible criminal history in determining whether a conviction is for a crime punishable by a prison term exceeding one year. <u>Id.</u>

In support of his contention that the Fourth Circuit's decision in <u>Simmons</u> constitutes a "fact" as comprehended by § 2255(f)(4), petitioner cites <u>Johnson v. United States</u>, 544 U.S. 295 (2005), and <u>United States v. Gadsen</u>, 332 F.3d 224 (4th Cir. 2003). In <u>Johnson</u>, the Supreme Court held that a state order vacating a predicate conviction constituted a "fact" as used in 28 U.S.C. § 2255, ¶ 6 (4) (2005). 544 U.S. at 302. Similarly, in <u>Gadsen</u>, the Fourth Circuit held that a state court's conclusive vacatur of a petitioner's prior state conviction constituted a "fact" under 28 U.S.C. § 2255 ¶ 6 (4) (2003). 332 F.3d at 227. The <u>Gadsen</u> court determined that the petitioner's limitations period began running when the state court conviction was conclusively invalidated. <u>Id.</u> at 229.

This court has previously rejected petitioner's argument and held that the issuance of a legal opinion "differs substantially from the orders vacating judgment considered in <u>Johnson</u> and <u>Gadsen</u>." <u>United States v. Hardison</u>, No. 4:11-CV-196-FL, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011). As the court explained in <u>Hardison</u>, the <u>Johnson</u> and <u>Gadsen</u> cases "involved vacatur of a petitioner's own prior state conviction that directly eliminated the petitioner's status as a convict." <u>Id.</u> In the present case, <u>Simmons</u> was not a part of petitioner's litigation history and does not apply directly to him. Additionally, if appellate court decisions were found to constitute "facts" under § 2255(f)(4), it would effectively expand § 2255(f)(3), which provides that the one-year period of limitation may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

4

made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Finally, as noted in Hardison, to adopt petitioner's expansive view of § 2255(f)(4) "would create a large loophole in the limitations scheme of § 2255(f) and would undermine the efforts evinced therein to promote finality." 2011 WL 6780783, at *2. Accordingly, the Fourth Circuit's decision in Simmons does not constitute a "fact supporting [petitioner's] claim."

The court has also considered whether any other provision of § 2255(f) could serve to toll the one-year limitations period in this case and has found none. Sections 2255(f)(1) and (2) are facially inapplicable, as the judgment in this case became final over four years ago and there is no evidence that petitioner was prevented from bringing his motion by governmental action in violation of the Constitution or federal law. See 28 U.S.C. § 2255(f)(1) & (2). With respect to § 2255(f)(3), the Fourth Circuit has held that Carachuri claims may not be raised retroactively in collateral proceedings. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012) (holding that Carachuri announced a procedural rule and is not retroactively applicable to cases on collateral review). Petitioner's request for equitable tolling is likewise foreclosed by Powell.[1] See United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012) (concluding that petitioner's claim for retroactive application of Carachuri and Simmons fails in light of Powell); McCall v. United States, No. 3:12-cv-502, 3:05-cr-104, 2012 WL 6553670, at *2 (W.D.N.C. Dec. 14, 2012) (declining to apply equitable tolling in light of Powell). Finding no grounds on which to extend the one-year limitations period, the court concludes that petitioner's § 2255 motion is untimely.

---

[1] It is noteworthy that petitioner's sentence of 175 months on the charge of possession with intent to distribute a quantity of cocaine was below the statutory maximum of 20 years. See 21 U.S.C. § 841(b)(1)(C). Therefore, even assuming petitioner's motion to vacate was timely filed, because petitioner did not receive a sentence in excess of the statutory maximum, he would not be entitled to relief under § 2255. Powell, 691 F.3d at 563 n.2 (King, J., dissenting in part, concurring in judgment in part) (noting that "even defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on Carachuri to obtain § 2255 relief.") (citing Pregent, 190 F.3d at 284).

5

Therefore, the court need not reach the issue of whether the collateral attack waiver in petitioner's plea agreement bars the requested relief.

In sum, the Fourth Circuit's decision in <u>Simmons</u> does not constitute a "fact supporting [petitioner's] claim," and the Fourth Circuit's decision in <u>Powell</u> forecloses retroactive application of <u>Carachuri</u> and <u>Simmons</u> to petitioner's case. Petitioner has failed to establish his claim by a preponderance of the evidence. Accordingly, the government's motion to dismiss will be granted.

**III. Certificate of Appealability**

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When relief is denied on the merits, an applicant satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683–84 (4th Cir. 2001). When relief is denied on procedural grounds, an applicant satisfies this standard by demonstrating both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484–85. Petitioner has failed to make the requisite substantial showing and, therefore, is not entitled to a certificate of appealability.

**CONCLUSION**

The government's motion to dismiss (DE # 35) is GRANTED, and petitioner's § 2255 motion (DE # 31) is DISMISSED WITH PREJUDICE. Petitioner is DENIED a certificate of

6

appealability.

SO ORDERED, this 2nd day of January, 2013.

LOUISE W. FLANAGAN
United States District Judge