IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-cr-00189-FL
No. 5:12-cv-00039-FL

| | |
|---|---|
| DWANE LAMONT HARGROVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to reconsider the court's dismissal of his motion pursuant to 28 U.S.C. § 2255, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner urges reconsideration on the basis of Miller v. United States, 735 F.3d 141 (4th Cir. 2013). For the reasons stated below, the court denies petitioner's motion but on reconsideration will grant a certificate of appealability as to the court's dismissal order.

## BACKGROUND

On August 2, 2007, petitioner was charged in an indictment alleging the following three counts: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924; (2) possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On January 7, 2008, pursuant to a written plea agreement, petitioner pleaded guilty to counts one and two, possession of a firearm by a convicted felon and possession with intent to distribute a quantity of cocaine. On March 31, 2008, the United States Probation Office submitted a presentence report calculating an advisory guideline imprisonment range of 120 months on count one and 151 to 188 months on count two, based upon a total offense level of 29, which

included a career offender enhancement pursuant to U.S.S.G. § 4B1.1, and a criminal history category VI. On April 15, 2008, this court sentenced petitioner to 120 months as to count one and 175 months as to count two, to run concurrently, and judgment was entered on April 23, 2008. Petitioner did not appeal his conviction or sentence.

On January 30, 2012, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On February 2, 2012, the court ordered petitioner to correct certain deficiencies in his petition, and petitioner filed the instant corrected petition on February 15, 2012. Petitioner claimed that he is entitled to a sentence reduction because, applying United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he would have no predicate offenses to merit a career offender enhancement. The government moved to dismiss on the grounds that petitioner's motion was untimely and petitioner waived his right to contest his sentence in any post-conviction proceeding in his plea agreement. The court dismissed the motion on the basis that it was untimely. Petitioner now asserts his motion was timely in light of Miller.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have

2

been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner suggests, nonetheless, that equitable tolling is warranted. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner suggests that equitable tolling should apply because Miller announced a new rule of substantive law that is retroactively applicable on collateral review. He suggests it is wholly arbitrary and a miscarriage of justice to treat his Simmons claim as untimely solely because the Fourth Circuit, rather than the Supreme Court, recognized the new rule of substantive law.

Accepting petitioner's suggestion, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. In addition, no "miscarriage of justice" has occurred

3

where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent the career offender enhancement. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

Accordingly, the court declines to apply equitable tolling upon reconsideration and denies petitioner's motion.

B. Plea Waiver

The government also argued that petitioner's § 2255 motion was barred by the waiver in his plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529.

Petitioner did not contend that his waiver was invalid due to any defect in the Rule 11 colloquy. Rather, he suggested that he did not knowingly and voluntarily waive his rights to bring a collateral attack based upon Simmons, because neither party had any reason to believe that the substantive law would change under Simmons. He also suggested his Simmons claim falls outside of the scope of the plea waiver because his improper sentence constitutes a miscarriage of justice.

4

Both arguments are foreclosed by Copeland, where the court confirmed that a defendant "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law," and that an "illegal" sentence permitting an appeal waiver must be a "sentence imposed in excess of the maximum penalty provided by statute."  707 F.3d at 529 & 530; see also United States v. Jones, No. 12-7600, 2014 WL 68607 *1 (4th Cir. Jan. 9, 2014) (plea waiver barred collateral attack based on Simmons, despite decision in Miller).

Accordingly, petitioner's Simmons claim is barred by the waiver in his plea agreement, and the court must deny the motion to reconsider on this alternative basis.

C. Certificate of Appealability

The court previously denied a certificate of appealability on the dismissal of the § 2255 petition in this case.  However, in light of Miller, the court reconsiders that ruling.  A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further.  Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether the petition is untimely and on whether the petition is barred by the plea waiver, in light of the Fourth Circuit's decision in Miller.  See Jones, 2014 WL 68607 *1 (expanding certificate of appealability to cover both timeliness and waiver issues, following Miller).

**CONCLUSION**

For the foregoing reasons, the court DENIES petitioner's motion for reconsideration.

5

However, a certificate of appealability is GRANTED as to the dismissal of petitioner's § 2255 motion on the terms set forth herein.

SO ORDERED, this 28th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge